Anthony C. MUELLENBERG, Plaintiff-Appellant,

v.

STATE of Wisconsin DEPARTMENT OF TRANSPORTATION, Defendant-Respondent,

Gerald BABER, Barbara Baber, Dale Handevidt and Joseph T. Brennan, Defendants.

Court of Appeals

*No. 2014AP2034. Submitted on briefs February 6, 2015. —Decided May 14, 2015.*

2015 WI App 48

(Also reported in 866 N.W.2d 746.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Richard G. Jensen* and *Julia J. Douglass* of *Fabyanske, Westra, Hart & Thomson, P.A.*, Minneapolis, Minnesota.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Jennifer L. Vandermeuse*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Blanchard, P.J., Higginbotham, and Sherman, JJ.

¶ 1. BLANCHARD, P.J.   Anthony Muellenberg appeals the circuit court's decision to modify a portion of an express, recorded easement that benefits Muellenberg's property and that runs, in part, across land owned by the Wisconsin Department of Transporta-

tion. The court concluded that it had discretionary authority to modify the easement, because the Department's construction activities on a bridge project had eliminated a driveway abutting the easement, which rendered fulfillment of the primary purpose of the easement impossible, absent the court's modification. Muellenberg contends that this conclusion was an error of law. Muellenberg also argues that the court improperly exercised its discretion through the manner in which it modified the easement, and in determining that Muellenberg was not entitled to compensation from the Department as a result of the modification.

¶ 2.   For the following reasons, we agree with the circuit court that it had discretionary authority to modify the easement pursuant to *Mnuk v. Harmony Homes, Inc.*, 2010 WI App 102, 329 Wis. 2d 182, 790 N.W.2d 514, to include a new trail and to terminate a portion of the easement. We also conclude that the court did not improperly exercise its discretion in modifying the easement or in determining that Muellenberg is not entitled to compensation as a result of the modification. Accordingly, we affirm.

## BACKGROUND

¶ 3.   The following facts are not in dispute. At issue are five adjoining parcels of land located between the St. Croix River on the south and what was, prior to the Department's actions at issue here, the right-of-way for State Highway 35 (the highway) on the north. Following the lead of the parties and the circuit court, we refer to these as parcels A, B, C, D, and E, running west to east.

585

¶ 4. In the spring of 2010, the Department purchased the two westerly parcels, A and B, as part of a proposed bridge project. In the fall of 2010, Muellenberg purchased parcel D.[1]

¶ 5. The express, recorded easement at issue arose because a bluff separates the northern and southern portions of each of the five parcels. For this reason, none of the parcel owners can directly access the southern portions of their parcels from the northern portions of their parcels. To address this shared impediment to river access, all five parcels are subject to a reciprocal easement. The purpose of this easement, under its terms, is "to provide a means of easier access to [the St. Croix River] by the owners [of parcels A, B, C, D, and E] only, and for no other parties . . . . Use . . . shall be restricted to automobile or foot traffic."

¶ 6. We now describe the path of the easement before it was modified by the court, which we will frequently refer to as the original easement.[2] The original easement began, at its northern end, in the northwest corner of parcel B, abutting the highway right-of-way. The easement then ran briefly to the

[1] The owners of parcels C and E were joined to this suit as defendants in an amended complaint, but they have not filed briefs in this appeal.

[2] For the sake of simplicity, given the arguments raised on appeal, we frequently draw a distinction between the original easement and the easement as modified. However, we clarify this simplified usage in two respects. First, as we explain below, there is extensive overlap between the path of the original easement and the path of the easement as modified. Second, and more fundamentally, there is in fact only one easement, which the court modified over a portion of its length.

southwest, then curved to the southeast, as it crossed parcels C, D, and E, eventually leading to the St. Croix River, in parcel E.

¶ 7. Critical to understanding the issues raised on appeal are uncontested facts that we now summarize regarding limited highway access to the original easement. More specifically, we address the means by which Muellenberg accessed the original easement from the highway before the modification, which was to use a driveway only by the permission of the owners of parcels A and B.

¶ 8. While the original easement's northern end began at the boundary of the highway right-of-way, the original easement did not have the benefit of a right of access to the highway. That is, the original easement did not include any portion of the highway or the highway right-of-way that extends 75 feet to either side of the highway centerline. Instead, Muellenberg and the other parcel owners accessed the easement from the highway by way of a driveway that ran south from the highway. Just to the south of the driveway's junction with the highway, the driveway forked into two separate driveway branches, one proceeding to the residence on parcel A and the other to the residence on parcel B. The branch of the driveway that led to the parcel B residence ran entirely within the highway right-of-way up to the point at which it met the original easement in the northwest corner of parcel B.

¶ 9. Only the owners of parcels A and B held a Department-issued permit to use and maintain the driveway and driveway branches. However, before the Department project at issue here, lack of a permit had not presented an easement access problem to Muellenberg, as owner of parcel D, nor to the owners of parcels C and E. This is because the owners of parcels A and B

587

granted them permission to access the original easement from the highway by traveling down A and B's joint driveway, onto the branch of the driveway that met the original easement's path in parcel B.

¶ 10.   Returning to the chronology, at some point in 2011, Muellenberg became aware that the Department's bridge project had been approved. He learned specifically that, as part of the project, the Department planned to eliminate in its entirety the forked driveway described above. He further learned that, because removal of the forked driveway would make it impossible for parcel owners such as Muellenberg to access the original easement from the highway, the Department planned to create a new trail to allow highway access for all owners of the easement. We discuss these Department plans in more detail below.

¶ 11.   In response to this information about the Department's plans, Muellenberg filed this action in September 2012, seeking a declaration and enforcement of his interest in the original easement pursuant to Wis. Stat. §§ 841.01 and 775.10 (2013–14),[3] and an order enjoining the Department from relocating the original easement, expanding its scope, or interfering with Muellenberg's use of the original easement.

¶ 12.   On April 4, 2013, Muellenberg filed a motion for partial summary judgment. As to his request that the Department be enjoined from relocating the original easement, Muellenberg argued that, pursuant to *AKG Real Estate, LLC v. Kosterman*, 2006 WI 106, 296 Wis. 2d 1, 717 N.W.2d 835, the Department "is not authorized to relocate the Easement" because the

_____
[3] All references to the Wisconsin Statutes are to the 2013–14 version unless otherwise noted.

Department is the owner of the servient estate, that is, the owner of the land serving or subject to the original easement.

¶ 13. In response to Muellenberg's motion for partial summary judgment, the Department argued, in part, that Muellenberg's argument missed the mark because the Department was not proposing to relocate the original easement. Rather, the Department stated that it planned only to remove the existing forked driveway, including that portion where the driveway met the easement in parcel B. The Department argued that it had statutory authority to remove the driveway pursuant to WIS. STAT. ch. 86, which authorizes certain Department activities, and that Muellenberg had no legal interest in the driveway. The Department planned to remove the forked driveway to allow for construction of a bridge abutment and to provide for a new highway right-of-way.

¶ 14. Further, the Department took the position that its planned removal of the forked driveway would render fulfillment of the purpose of the original easement impossible, because the driveway provided parcel owners such as Muellenberg with their only access to the easement from the highway. To address this issue, the Department planned to create a new trail, also on land the Department owned (in parcel B), connecting the highway with most of the length of the path followed by the original easement, in order to allow all owners of the original easement access from the highway to the easement. The Department argued that, because fulfillment of the purpose of the original easement would be rendered impossible by the necessity of removing the driveway for its project, modification of the original easement to include the new trail would be an available remedy under *Mnuk*.

¶ 15. Meanwhile, in October 2013, while this litigation was pending before the circuit court, as part of its project, the Department removed the driveway, making the driveway area impassable, including where the driveway had abutted the original easement, and the Department also created the new trail. The new trail begins where the highway right-of-way abuts parcel B and meets the original easement in the middle of parcel B, southeast of where the former driveway had met the easement in the northwest corner of parcel B.

¶ 16. On December 3, 2013, the circuit court denied Muellenberg's motion for partial summary judgment on the ground that whether the Department planned to relocate or change a part of the original easement was a disputed issue of material fact. This action eventually proceeded to a bench trial.

¶ 17. Following trial, the circuit court made the following determinations. The Department had acted pursuant to its statutory authority when it removed the driveway, and Muellenberg had no interest in the driveway. When the Department removed the driveway as part of its project, the purpose of the original easement became impossible to fulfill, because without the driveway, Muellenberg could no longer access the easement by car or on foot from the highway. The court also found, based on expert testimony, that the new trail is comparable in all material respects to that portion of the original easement that the new trail replaces, including that the new trail does not increase the risk of erosion. That is, the court found that the new trail left Muellenberg and the other property owners "no worse off than they were before" and allowed them to access to their easement from the highway.

¶ 18. Based on these determinations, the circuit court concluded that, pursuant to *Mnuk*, it had discretionary authority to modify the original easement to include the new trail and to terminate the portion of the original easement that the new trail replaces, and that the court would order such a modification to permit the purpose of the easement to be accomplished. Thus, under the court's ruling, the easement as modified is made up of the new trail, which begins at the highway and intersects with the original easement in parcel B, together with the remaining portion of the path of the original easement that proceeds from the point in parcel B where it intersects with the new trail and runs to the southeast into parcels C, D, and E. The portion of the original easement that was located in parcel B to the northwest of the new trail is terminated. The court also denied Muellenberg compensation for the modification, explaining that there is no factual basis "for any award of compensation to any of the private parcel owners" based on the modification. Muellenberg now appeals.

## DISCUSSION

## I.  MODIFICATION OF THE EASEMENT

■

¶ 19. Muellenberg makes three arguments that the circuit court erred as a matter of law in concluding that, pursuant to the reasoning of *Mnuk*, the court had authority to modify the easement to include the new trail and to terminate the northwest portion of the original easement based the court's view that the Department's removal of the forked driveway rendered fulfillment of the purpose of the easement impossible. First, Muellenberg argues that the court erred in

591

relying on *Mnuk*, as opposed to *AKG*, which Muellenberg argues is "controlling precedent in this case." Second, Muellenberg argues that *Mnuk* does not authorize a court to modify an easement due to impossibility when the owner of a servient estate has created the impossibility by altering the easement, and that here, the Department took actions that altered the original easement and those actions created the impossibility. Third, Muellenberg argues that, even if the court had authority to modify the easement, it erroneously exercised its discretion in modifying it to include the new trail and to terminate the portion of the original easement replaced by the new trail. We reject each argument in turn.

¶ 20.   Whether a circuit court has authority to modify an easement based on impossibility is a question of law that we review de novo. *See Mnuk*, 329 Wis. 2d 182, ¶¶ 34–39. Whether to modify an easement, and how to do so if the court employs that remedy, are decisions within the discretion of the circuit court. *Id.*, ¶ 39. A circuit court properly exercises its discretion when it applies the applicable law to the facts in the record and reaches a conclusion a reasonable judge could reach. *See Nettesheim v. S.G. New Age Prods., Inc.*, 2005 WI App 169, ¶ 9, 285 Wis. 2d 663, 702 N.W.2d 449. We will uphold the circuit court's findings of fact unless they are clearly erroneous. *Sellers v. Sellers*, 201 Wis. 2d 578, 586, 549 N.W.2d 481 (Ct. App. 1996).

¶ 21.   Turning to Muellenberg's first argument, based on *AKG*, we reject this argument on the ground that it is premised on a misinterpretation of *AKG*. In *AKG*, the supreme court considered whether it should apply the RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES

§ 7.10 (2000)[4] to conclude that a court has authority to modify an easement at the request of the servient estate where fulfillment of the purpose of the easement has become unduly burdensome for the servient estate.[5] *AKG*, 296 Wis. 2d 1, ¶¶ 30–39. In rejecting application of the Restatement on the facts before it, and concluding that the court did not have such authority, the court in *AKG* explained that allowing a court to modify an easement on the ground that fulfillment of the easement had become unduly burdensome on the servient estate would undermine the longstanding rule that "[a]bsent any mention of modification or relocation in the instrument creating an easement, . . . the owner of the servient estate cannot unilaterally modify an express easement." *See id.*, ¶¶ 34–35.

[4] "'The supreme court has explained that its 'long-standing practice has been to review and decide whether to adopt sections from the Restatements on a case-by-case basis as [it] deem[s] it necessary.' " *Mnuk v. Harmony Homes, Inc.*, 2010 WI App 102, ¶ 34 n.15, 329 Wis. 2d 182, 790 N.W.2d 514 (quoting *Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶ 19 n.7, 318 Wis. 2d 622, 768 N.W.2d 568).

[5] The RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.10 (2000) provides in pertinent part:

(1) When a change has taken place since the creation of a servitude that makes it impossible as a practical matter to accomplish the purpose for which the servitude was created, a court may modify the servitude to permit the purpose to be accomplished. If modification is not practicable, or would not be effective, a court may terminate the servitude. Compensation for resulting harm to the beneficiaries may be awarded as a condition of modifying or terminating the servitude.

(2) If the purpose of a servitude can be accomplished, but because of changed conditions the servient estate is no longer suitable for uses permitted by the servitude, a court may modify the servitude to permit other uses under conditions designed to preserve the benefits of the original servitude.

¶ 22.   However, as this court explained in *Mnuk*, the court in *AKG* did not address whether a court has authority to modify an easement under circumstances in which the fulfillment of the primary purpose of the easement has become not merely unduly burdensome but impossible. As the *Mnuk* court explained,

> the court [in *AKG*] rejected the proposition that a landowner could obtain an easement modification for economic reasons when the primary purpose could still be accomplished. However, the court did not reach the question of a court's authority to provide relief when it is impossible to accomplish the primary purpose. This was unnecessary in *AKG* because the court determined it was still possible in that case to accomplish the primary purpose. In short, *AKG* leaves open the question whether a court should apply RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.10(1) in a case where it is impossible to accomplish an easement's primary purpose.

*Mnuk*, 329 Wis. 2d 182, ¶ 31 (citation omitted). We reject Muellenberg's argument that the circuit court erred in failing to rely on *AKG* because, unlike in *AKG*, the issue here is whether the court has authority to modify an easement based on impossibility. While Muellenberg states at one point in his principal appellate brief that "the purpose of the Easement has not been fully extinguished," he does not develop this assertion into an argument. Further, elsewhere Muellenberg concedes that "[a]t trial, the parties agreed that the Easement as originally situated was no longer usable due to [the Department's] actions." We therefore take Muellenberg to concede that it had become impossible to fulfill the purpose of the easement, and we conclude that the court did not err in determining that *AKG* is distinguishable on that ground.

¶ 23. We turn next to Muellenberg's argument that the rationale of *Mnuk* does not apply here because the Department created the impossibility by altering the original easement. We first explain this court's decision in *Mnuk*, and then explain why we reject Muellenberg's attempts to distinguish it.

¶ 24. In *Mnuk*, this court upheld a modification of an easement under circumstances in which fulfillment of the primary purpose of an easement had been rendered impossible. *Mnuk*, 329 Wis. 2d 182, ¶ 3. The Mnuks and Harmony Homes were parties to an agreement that created reciprocal easements over property owned by the Mnuks and property owned by Harmony Homes. *Id.*, ¶¶ 7, 10. The easements were to provide pedestrian and vehicular access to the respective properties by way of a paved driveway. *Id.*, ¶ 5–10. However, before the paved driveway could be completed, a portion of the area on which the driveway was to be located was designated as a wetland by state officials. *Id.*, ¶ 10. Due to the wetland designation, both Mnuk and Harmony Homes agreed that the easement's primary purpose could no longer be fulfilled if the paved driveway followed the route expressed in the easement. *Id.*, ¶ 37. The Mnuks filed suit, seeking a modification of the easements to allow for a paved driveway that would follow a path that avoided the wetland area. *Id.*, ¶ 11. Harmony Homes moved for summary judgment, arguing, in part, that the circuit court lacked authority to modify the easement. *Id.*, ¶ 12. The circuit court decided in favor of the Mnuks, concluding that it had authority to modify the easements. *Id.*, ¶ 12.

¶ 25. This court upheld the circuit court's modification of the easement, albeit on different grounds than the circuit court. The *Mnuk* court relied on the

RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.10(1), which is stated *supra* at footnote 5. The *Mnuk* court explained that application of § 7.10(1) was appropriate under the circumstances because, while "[i]t would be undesirable to give a broad interpretation to the phrase 'impossible as a practical matter to accomplish the purpose for which the [easement] was created[,]' " the parties agreed that impossibility existed, and, thus, the case came "within the proper scope of § 7.10." *Id.*, ¶ 37 (quoting RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 7.10(1)). Further, the *Mnuk* court explained that § 7.10(1) is properly interpreted to allow a court to either terminate or modify an easement whose purpose it is no longer possible to fulfill. *Id.*, ¶¶ 34–36. Having concluded that § 7.10(1) was the proper rule to apply, the *Mnuk* court explained that decisions whether to modify or terminate an easement, and the manner in which to do so, are within the discretion of the circuit court. *Id.*, ¶ 39.

¶ 26.   With that understanding of *Mnuk*, we turn to Muellenberg's attempts to distinguish it. Muellenberg argues that *Mnuk* does not support the court's decision to modify the easement here because the Department, as the owner of the servient estate, created the impossibility by altering the original easement. Muellenberg concedes that he had no interest in the driveway and that the Department had statutory authority to remove the driveway. However, Muellenberg asserts that the Department "not only removed a driveway [but also] . . . decimated an entire section of the Easement on parcel B." According to Muellenberg, "the impossibility was created by [the Department's] *obliteration of the easement, not the relocation of the driveway* . . . . [D]ue to [the Department's] destruction

596

of the physical terrain, the easement is no longer passable." (Emphasis added.)

¶ 27. We assume without deciding that *Mnuk* does not support a court's authority to modify an easement due to impossibility where the impossibility was created through a servient landowners' alteration of an easement. However, the circuit court here explicitly determined that fulfillment of the purpose of the easement had become impossible due to the Department's *removal of the driveway* while acting within its proper authority, and did not determine that the Department created the impossibility by altering the original easement. The circuit court explained that the Department "took action that was within its regulatory authority" when it "removed[] the driveway connection" to the easement, and that "as a result" of this action, the original easement "simply cannot fulfill its purpose." Muellenberg does not specify what other alleged action of the Department amounting to an alteration of the original easement caused the fulfillment of the purpose of the easement to become impossible. As support for his argument, Muellenberg cites to portions of the record that do not, on their face, explain what actions the Department purportedly took that altered the original easement or why it is that we should determine that these actions, and not removal of the driveway, created the impossibility. We reject this argument on this ground.

¶ 28. At times in his briefing, Muellenberg also appears to argue that the circuit court lost authority to modify the easement after the Department removed the driveway and constructed the new trail without having first moved for and obtained an order from the court modifying the easement. If this is an argument that Muellenberg means to make, we reject it because

597

he does not develop it with citation to legal authority, and we are aware of no such authority. *See State v. Pettit*, 171 Wis. 2d 627, 646–47, 492 N.W.2d 633 (Ct. App. 1992). An additional reason to reject this argument is that Muellenberg fails to direct us to a place in the record reflecting that he made this argument to the circuit court. *See State v. Ndina*, 2009 WI 21, ¶ 30, 315 Wis. 2d 653, 761 N.W.2d 612.

¶ 29. Having rejected Muellenberg's arguments that the circuit court erred as a matter of law in relying on the reasoning of *Mnuk*, we turn to the issue of whether the RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.10(1) should be applied to the facts before us, as it was applied in *Mnuk*. The *Mnuk* court explained that "courts should be cautious about either modifying or terminating an easement on the ground of impossibility." *Mnuk*, 329 Wis. 2d 182, ¶ 37. However, the court further explained that, because the parties agreed that the primary purpose of the easements at issue in *Mnuk* could no longer be fulfilled, "these facts come within the proper scope of § 7.10." *Id.* As we have already explained, Muellenberg does not make a developed argument that the fulfillment of the purpose of the easement is no longer possible, and we conclude that application of the Restatement is appropriate here.

¶ 30. Because we conclude that the circuit court had authority to modify the easement on the ground that fulfillment of its purpose was no longer possible, the remaining issue is whether the court erroneously exercised its discretion in deciding to modify the easement and in the manner of modification. We acknowledge, as Muellenberg points out, that the facts underlying the *Mnuk* court's decision differ from the facts presented here. However, we conclude that the circuit court did not erroneously exercise its discretion in

598

modifying the easement. We see no inequity in the fact that fulfillment of the easement's purpose was rendered impossible through the Department's use of its statutory authority to remove a driveway over which Muellenberg and the other easement holders had no interest. Muellenberg does not seek as a remedy that the easement be terminated and that he be compensated for termination, but, rather, he asks us to "order[] [the Department] to restore the Easement to its preexisting condition." Such a remedy would obviously conflict with the Department's authority to proceed with the bridge project and would require it to reconfigure construction work already completed. Moreover, modification of the easement provides the easement holders with direct access from the highway to the St. Croix River, by way of an easement that is comparable to the original easement, while simultaneously allowing the Department to complete the bridge project.

¶ 31. Turning to the manner in which the court modified the easement, although Muellenberg's argument on this topic is somewhat difficult to track, we understand him to argue that the court erroneously exercised its discretion in modifying the easement to include the new trail, on the ground that the new trail includes a portion of the highway right-of-way, for two reasons.

¶ 32. First, Muellenberg argues that the parties agreed at trial "that the recorded Easement did not and could not include any land within the highway right of way." However, as the Department points out, while the parties agreed that the original easement did not include land within the highway right-of-way, the parties did not agree that if the court modified the easement, it could not do so in a manner that included a portion of the highway right-of-way.

599

¶ 33. Second, Muellenberg argues that "purporting to place the Easement in the public right-of-way directly contravenes the express terms of the Easement, which restricts its use to private use for accessing [the] St. Croix." However, the circuit court explicitly addressed this issue by explaining that the Department erected a gate where the new trail meets the highway to deter the public from using the new trail. Muellenberg fails to address this finding or to explain why the circuit court's reasoning constitutes an erroneous exercise of discretion.

¶ 34. For these reasons, we affirm the decision of the circuit court to modify the easement to include the new trail and to terminate the northwest portion of the original easement.

II. DAMAGES

¶ 35. Muellenberg argues that the circuit court erroneously exercised its discretion when it determined that there was no basis to award him damages based on the modification. As best we can discern, Muellenberg makes two arguments.

¶ 36. First, he argues that the court should not have reached the topic of damages:

> Based on the nature of the claim that . . . Muellenberg has made against the state in this action, he could not be awarded damages, and he did not present any evidence at trial concerning the amount or calculation of his damages. Therefore, the circuit court's findings with regard to that issue [are] unnecessary and therefore improper.

Muellenberg argues that the court was prohibited from awarding damages because Muellenberg brought this action pursuant to Wis. Stat. §§ 841.01 and 775.10.

600

Section 775.10 provides that while the State may be made a defendant in an action for a declaration of interests, "no judgment for the recovery of money or personal property or costs shall be rendered in any such action against the state."

¶ 37. This argument appears to fail on a number of grounds, but it is sufficient to explain that it is at least defeated by Muellenberg's contrary concession in his reply brief on appeal that, in accordance with *Mnuk*, a court may address the issue of compensation when the court modifies an easement. *See Mnuk*, 329 Wis. 2d 182, ¶ 3 (A court "has the authority to award compensation for harm resulting from either modification or termination" of an easement.).

¶ 38. Second, Muellenberg argues that "there was no factual or evidentiary basis in the record on which the circuit court could determine that [he was not] entitled to damages" because "no expert or witness testified about the compensatory difference" between the original easement and the modified easement. We disagree. The court's finding that Muellenberg is "no worse off than [he was] before" was based on extensive evidence that supports the court's finding that the new trail does not materially differ from the original easement in grade, slope, curve, or risk of erosion. Muellenberg does not persuade us that these factual findings are clearly erroneous. To the extent Muellenberg is arguing that he should have the opportunity to present other evidence regarding the "compensatory difference" between the original and modified easement, he does not explain what this evidence might be. Nor does Muellenberg argue that he was not afforded

a reasonable opportunity to elicit evidence on this topic at trial, and we note that he in fact took advantage of his opportunity to do so.

## CONCLUSION

¶ 39.   For the foregoing reasons, we affirm the decision of the circuit court to modify the easement and deny Muellenberg compensation.

*By the Court.*—Judgment affirmed.